argued by law student Judy Bowe. Good morning your honors. May it please the court. I'm Melissa Salinas and I'm a counsel of record for this case. I have the honor of introducing Judy Bowe, a law school from the University of Michigan Federal Appellate Litigation Clinic. Thank you. Thank you. And she will be permitted to argue. Good morning. Good morning. Good morning your honors. And may it please the court. My name is Judy Bowe for the appellant Michael Henry. Before I begin, I'd like to reserve three minutes of my time for rebuttal. All right. Thank you. Our client, Michael Henry, was sentenced to 55 years incarceration for three bank robberies that occurred when he was 20 years old. With our limited time today, I'd like to focus on two issues, the sufficiency of the evidence issue as it relates to count four for the second robbery and the impermissible signature crime evidence as it relates to counts five and six for the third robbery. First on count four, in light of the United States Supreme Court's recent holding in United insufficient evidence to convict Mr. Henry under 924C. It is undisputed that Mr. Henry did not use a real gun in the second robbery. And the record shows there's insufficient evidence to establish advanced knowledge on the part of Mr. Henry. So how do we think about that argument? Do we think, you want to call it sufficiency, but isn't the real problem that there was a flawed jury instruction? So I mean, what seems clever about what you're doing is if you're right about sufficiency, there's double jeopardy and you can't have a retrial. Whereas if there's a flawed jury instruction, there can be a new trial with the right jury instruction, right? So that's why sufficiency would be a better way to frame it and a wonderful way to win it. But I thought we gauged sufficiency arguments based on the instructions that were given. And there wasn't a Rosamond instruction. And I think there was sufficient evidence on the instructions given. So if you're only going to do sufficiency, you run the risk of losing. Whereas if you're willing to argue the instructions were flawed, it's true. You can still make a sufficiency argument, but the sufficiency is gauged by the instructions that were given. Am I making sense? Yes, Your Honor. Okay. So what do we do? Rosamond had two holdings. First was that the jury instructions had to be clear. And while we don't argue a direct review of the jury instructions, it is included within our brief as further evidence that advance knowledge was not considered at all by the lower court. Argument here is the sufficiency of the evidence, which is the second holding of Rosamond. Supreme Court clearly established in Rosamond that the prosecution needs to prove the defendant had advance knowledge beyond a reasonable doubt. I understand the remedy for sufficiency of the argument. It might seem harsh, and if this court isn't willing to go that far in the alternative, it could vacate and remand this course for the district court. At the minimum, the district court should be allowed a chance to provide clear jury instructions so the court can consider whether advance knowledge was proven and beyond a reasonable doubt. And in your client's interest, I don't know if it's Rule 29 or what the actual provision is, but the district court would also have the option on remand to say, I don't see how the government can win. And so I'm dismissing that count as is. Or the district court could say, well, we're going to have a new trial on that count with a proper Rosamond instruction. That's correct, Your Honor. And I think it's within the purview of the district court to do either. But in this case, this court should, at the bare minimum, allow the district court a chance to clarify the instructions. Maybe your kind of strategy on sufficiency versus instructions helps to answer this other point. But there's also a firearm count on the third robbery. Yes. And that has a Rosamond flaw too, but you're not arguing that. For the third robbery on counts five and six, we are arguing insufficient evidence. So the Rosamond argument goes to that because it's another component of insufficiency. We don't argue it specifically, but the court can find the Rosamond argument embedded within the larger sufficiency argument. Or we could find it was waived because you didn't put it in your briefing in that way. That's correct, Your Honor. Or you could say that the instruction was flawed as to the third count and take care of it at this stage. That's also correct, Your Honor. It's the first argument that on the count of four for the second robbery, the prosecution failed to prove beyond reasonable doubt there was advanced knowledge on the part of Mr. Henry because it didn't provide any direct evidence that Mr. Henry had such advanced knowledge. The only evidence the prosecution presented was indirect or circumstantial evidence. Although Rosamond is not clear in what is enough to establish advanced knowledge, it does very clearly tell us what is not enough. And what is not enough is when the government relies solely on the defendant's behavior during the crime when there's no other evidence that would even infer that he had advanced knowledge. The government in Mr. Henry's case made a similar argument that the government made in Rosamond itself. Here they argue that because Mr. Henry arrived at the scene, saw the gun, didn't flinch, then he must have had advanced knowledge that a real firearm was used. But the Supreme Court told us in Rosamond this is not enough, as there's no evidence, just as there weren't any evidence in Rosamond, that Mr. Henry bought a gun, borrowed a gun, spoke to his cohort about even using a gun. Mr. Henry is not a saint, but he did admit in the first robbery that he used a real gun. For the second one, he made no such confession, and there's no evidence to show that he had such advanced knowledge. Yeah, but the basic problem is this wasn't argued below, and the law changed after the trial, and so we're in plain air. You agree we're in plain air land, right? For the sufficiency of the evidence, the standard of review is whether a rational jury could have found the elements of the crime beyond a reasonable doubt. The plain air would go toward the impermissible subject of crime evidence, which is the second argument I'm making, or arguments. Well, I guess I'm saying plain air as to the argument you're not directly making, the jury instruction point. You're correct, Your Honor. We're not directly making the jury instruction argument. But you kind of are today, or can I not even say that? Well, the jury instruction point is included in our brief as further- Wouldn't you like to make that argument? Have you- We can make that argument, Your Honor. It's included in our brief, so it's not considered waive, and it's just there as additional evidence to show that the court did not think about advanced knowledge at all. We didn't know before, but we do now because of Rosemont, that for a conviction under 924C, it's a specific intent that's required. And in the district court, no specific intent was found, and no rational jury could have found specific intent. All of the evidence shows that Mr. Henry did not know the gun was real. For instance, in Exhibit 117, which is the interview transcript, that was omitted, and the jury had a chance- You're doing a great job, as proved by the fact we're going to keep asking really hard questions, but at least they seem hard to me. Just to make sure we're on the same page as to how I think about the case, let's just think of this as a different case altogether, and that at the time of trial, the jury had everybody thought the crime had two elements, thing A and thing B, and everybody was focused on that, and the instruction said you have to find beyond a reasonable doubt thing A and thing B. After trial, the Supreme Court says, oops, that statute has three elements. I wouldn't think anyone would come to us and say, ah, we win, because there's insufficient evidence because they didn't put on any evidence about element C, and that was because no one knew about it. No one argued it, just no one knew about it. The law changes sometimes, and I would have thought the answer in that the way you handle that is not to say the defendant walks because the government never put on evidence of thing C when it wasn't argued, no one raised it, no one even thought about it. What you would do is have a plein air inquiry about whether the jury was properly instructed to convict only on two elements, and there would be a plein air inquiry, and if the defendant won, you wouldn't win on sufficiency grounds, you'd win on the ground that we go back and have a properly instructed jury and give the government the chance to put on evidence as to the third element. So that's how I think about this case, and that's how I think about why I think you're wrong about much of what you're arguing, but why you could be right about the jury instruction point. So that's how I'm looking at it. So tell me, that's a good way to look at it, or here's what I'm missing. That is a good way to look at it. You can find on this case the jury instructions were insufficient, as this court has done before in U.S. v. Richardson. I'm making it worse than that. I'm saying that's all we can do. I see no world in which we can review your sufficiency argument unless, to go back to my hypothetical, the government actually failed on showing elements one and two. That would work. That's okay, but that's not your argument. Your argument is to try to hang them on missing evidence in thing three. That's correct, Your Honor, and this court has reviewed sufficiency argument in light of Rosamond before in U.S. v. Soto and U.S. v. Conyers, as well as U.S. v. Strong. So there is precedent here that the court can consider a sufficiency argument in relationship to Rosamond, and this is because Rosamond plainly held the prosecution needs to prove beyond a reasonable doubt the defendant had advanced knowledge. Although Rosamond is a jury instructions case, the holding is very clear, and here there is no evidence that Mr. Henry had advanced knowledge. If the remedy for sufficiency argument seems too harsh for this court, and the alternative, this court can vacate and remand to the district court and allow them a chance to provide clarifying jury instructions. In which case, we are not penalizing the prosecution for doing something they didn't know they had to do. But in light of Rosamond, we must provide Mr. Henry with a fair trial, and in this case, the fair trial requires showing that he had advanced knowledge of the gun beyond a reasonable doubt. As to that argument, the last one, the jury instruction argument, would you urge it on the third robbery as well? No, Your Honor, we wouldn't for the third robbery. The third robbery, the only argument we're making there, the third robbery argument is the sufficiency of the evidence, although you can find Rosamond within that, we're not making a jury instruction. And the reason for that is because there was evidence that Mr. Henry, had he committed a crime, would have known that the gun was real, as the gun was very different. In the second robbery, it was a handgun that was concealed by his cohort, whereas in the third robbery, it was a large rifle. And the rifle was also fired in the third robbery, versus not being fired at all in the second robbery. So there's more circumstances. No, but I thought the problem, I thought the potential problem in the third robbery wasn't what you just said, it was an advanced knowledge problem. That is correct, Your Honor. What was the advanced knowledge, that it was a rifle? The advanced knowledge can be proven through two ways, direct or circumstantial evidence. The circumstantial evidence for advanced knowledge in the third robbery is stronger, because the rifle is harder to hide, and therefore, Mr. Henry, had he, because he traveled in the same car as the cohort, he would have possibly seen it, and the prosecution could have said, oh, well, then he definitely had advanced knowledge in this case. But it's different for the second robbery, because it was a handgun and it was concealed. Much like how the handgun was concealed in Rosamond itself, and the defendant could not have had advanced knowledge of the handgun. With my remaining time, I'd like to talk about the second argument, which is there's impermissible evidence for counts five and six of the third robbery. Here, the district court plainly erred by allowing in such impermissible signature crime evidence, and this greatly prejudiced Mr. Henry's rights in two ways. First, the impermissible signature crime evidence spoke to identity, which was the only issue for the third robbery. And second, the impermissible crime evidence spoke to propensity, which is inadmissible under 404B evidence rule. Because there was insufficient evidence to convict Mr. Henry under count four in light of Rosamond, and because the district court plainly erred for the impermissible evidence, we request this court to reverse the convictions on four, five, and six. Or to reverse the convictions in their entirety and remand for a new trial. Thank you. Thank you. Your Honors, may I supplement Ms. Bowles' statement, if this court would permit it? I feel that it's only fair to do so before the government has an opportunity to speak. If you could just grab my request. All right, sure. Thank you. Good morning, and I'm sorry, I apologize for this. You do, we do have a law student here who's arguing her first argument, and in light of the questions asked by this court and some of the responses, I felt it was my duty to supplement what was said. Talk about the third robbery. I do believe the third robbery. We do specifically ask this court to review the jury instruction issue with regard to the third robbery. There was no instruction on it, and that was a jury question that the jury had to determine beyond a reasonable doubt as well. If there was any miscommunication or misunderstanding about that, our client would like for all of the counts, except for the first count, where there was a clear confession on the matter, to be resubmitted, at the very least, with the proper jury instructions. Otherwise, I understand that this court could find some of these arguments waived, but in the issue of fundamental fairness and because of what Rosemond tells us, the only proper remedy for our client is to send this back so that it can be properly determined by the jury. Thank you. Thank you. Good morning. May it please the court, Kenneth Chadwell, appearing on behalf of the United States. Let me follow up on the third robbery. The facts of the third robbery show that Mr. Henry was in a stolen car riding to the bank with a lawn gun in it. Well, what we think about the third robbery is going to be affected by what you say about the second robbery in Rosemond. You've heard the questions. What do you think the right thing to do is on this? Well, it's obvious that the wrong jury instruction was given, but the correct jury instruction was given for the law at the time. So that means the sufficiency claim is measured by the wrong instruction, at least for double jeopardy purposes. Right. And you would say you have a pretty good argument in terms of there being sufficient evidence under the wrong instructions. But you have to concede, I would think, that it's hard to call it not a plain air violation when it's this kind of state of mind thing on the second robbery. I think I can say it's not plain air for certain on the third robbery. Okay, let's just stay with the second one. I mean, you can spend all your time on the easy stuff, but it doesn't help us much. All right. The second robbery, we have very strong evidence that Mr. Henry knew a real gun would be used because he had already pulled a robbery with the same gentleman with a real gun, which he confessed to be a real gun, on tape. Well, there was one robbery with a BB gun. No, that's not true, Your Honor. He had a BB gun, but his partner had the real gun, and that's why he was convicted of count two. His partner had the real gun. You can see it in the bank surveillance photos. Well, we have robberies using non-real guns, I guess you could say. Right, but Henry- That shows it's a possibility. Henry confessed that it was a real gun at page- The first robbery. In the first robbery, he confessed it was a real gun at pages four, nine, and ten of the tape. So, having done one bank robbery with a real gun- Right. Next one, that's advanced knowledge there'll be a real gun? Well, he's doing it with the same guy, under the same circumstances, wearing the same type of outfit. He has the same role, he's the counter jumper, right? He's going in, he knows it's the same gun. How many months apart? Three months apart, two months apart. So, two months apart, he's going in with the same guy, he knows it's the same gun, as he confessed at pages 18, 25, 26, and 28 of the tape. He knows it's a real gun, and it's the same gun. When you say, be specific, is that something he's saying before the robbery, or is that a discussion after the robbery? Because it's advanced knowledge before the robbery. Right. The circumstances would indicate- Just tell me, you're giving a page for us to look at, what does it say? Does it say he knew ahead of time it was going to be the same gun? I don't think they use the term ahead of time, Your Honor. But he confirmed that it was the same gun. Probably the best quote is the last one. It's summarized by the FBI agent, you robbed two banks, both with Akeem Burks. And in both of those banks, Akeem had a real gun in his waistband in the first one, and in his hand in the second one. Answer, yeah. That was a summary of what Henry had been saying throughout the tape. Now, just so there's no confusion, Henry did have a BB gun as he climbed the counter in the first one, and that BB gun was discarded later. But his partner had a real gun, as he confessed, guarding the doorway for counts one and two. Henry did the same thing with the same guy two months later. In broad daylight, he's going to rob a bank full of employees. The Rosemont court cited an Eighth Circuit case which had that same circumstance. That's indicative of foreknowledge that there's going to be a gun involved. That's circumstantial evidence of that. Even if you didn't have the first robbery that you've already done with the real gun, if just the circumstances that you're going in to rob a bank, you're going to jump the counter and there's a guy backing you up, those circumstances indicate that you know there's a gun involved. But it's even better when you've already done a robbery where you know a real gun was involved. And, in fact, you know it's the same gun. So by the fact that you know it's the same gun... You keep using that, but as you revealed when you read the evidence, you don't know whether he's saying that after or what he knew ahead of time. I understand what you're saying. Here's another fact, Your Honor. He also said that when he had the bag of money in the second robbery, he immediately gave that bag to his partner. He said he had the real gun after all. He had the gun after all. So Henry's reaction of giving the money, Henry himself explained to the FBI why he did that. The guy with the real gun's in charge. But it also is a possibility that during the robbery he sees he's got the gun, right? Advanced knowledge is before the robbery starts. It's not what you learn during the robbery. The best way to have advanced knowledge is, of course, to have the gun. He decided not to have even a toy gun the second robbery, right? Right. Because it was clanging all over the counter. It wasn't helpful for him jumping the counter. But he had to have security behind him. That was a scenario here in all three robberies. There's security at the door with a gun. Let me add another fact, Your Honor. Then the second robbery, the gunman goes in and he's already flashing the gun around before Henry even gets in the bank. So the fact that he was sent in first to secure the premises is further evidence that Henry knew there's a gun involved. Henry has to run right past this guy with a gun drawn to get to the counter. So Henry fully knows what's happening. Henry doesn't hesitate. You can count out the seconds on this. This is a 28-second robbery. There's no hesitation. Those circumstances indicate Henry knew. The only thing I've heard that is meaningful to me is circumstantial, like you acknowledge, and that's the same partner two months earlier had a real gun. That's circumstantial evidence. But it doesn't tell you anything about this robbery. I mean, it's a different bank, different robbery. And I just don't know. Different city. Yeah. I just don't know why it proves. And he's doing this second robbery differently from the way he did the first one. So we already know there's one difference. I don't know. It just seems. And we're talking about beyond a reasonable doubt. I don't know. I wouldn't mind being counsel to Henry on that claim. Right. I'm not saying there aren't arguments to make, Your Honor. And those arguments were made. No, they weren't. That's the whole problem. The advanced knowledge argument was not made to the jury. And you didn't get a chance to put on the evidence you would have liked to put on. They didn't get to argue it with proper instruction. I mean, that's the problem. Yeah. I mean, I think we put on all the evidence that we had regardless. And I'm also discussing it with you today as to advanced knowledge. There wasn't some other piece of evidence out there that I'm not discussing with you today about advanced knowledge. But part of it was circumstantial. The fact that circumstantial is just as good as the direct evidence. The fact he's already pulled one. Well, if you thought you had to show advanced knowledge and you did the best you could, why didn't you let him have an instruction with advanced knowledge? Why didn't you tell the court, let's have the instruction? We know this is being litigated. Let's avoid the problem. It wasn't even. I guess it wasn't even an issue in anybody's mind. It wasn't like. Had I known there was even an issue, of course, I would have wanted that instruction at the time. But the way the timing of the cases came down, it just wasn't an issue. But had we had the instruction, I feel we could have proven it. And there is evidence here beyond a reasonable doubt of advanced knowledge if you consider all the circumstances involved. And particularly, all three robberies lined up. They did the exact same way. You're going to use the third robbery to help on the second? Well, when you see the full picture, it does help. It's 10 months later. No, of course. Right. Well, now you get to argue the third robbery. The third robbery in terms of sufficiency? Yeah, I cut you off at the beginning. You wanted to talk about advanced knowledge in the third and why it was harmless. Right. Well, he's driving to the robbery with a long gun in the car. There's no way he doesn't know there's a gun involved in this. And the fact this is number three now, that's significant. This is number three. There's already been a real gun in number one and number two, which he participated in, in which he performed the same role in. He was the counterjumper in. And he had security of a real gun at the door. Let's say that for the sake of argument, the second conviction on the gun is not upheld. That's vacated on Rosamond grounds. Let's just say that for the sake of argument. So hypothetically, he's only done the first one now. And the second one is being vacated for a properly instructed jury. Now how do you think about the third? So he's on, same thing. He's on his way to number three to perform the exact same role as he did in number one. He's going to be the counterjumper. He's going to have security at the door with a real gun. This time it's a long gun. This time it's not in the pants. Um, there's no question that he sees it well in advance of the robbery at a time where he could say, Hey, you know, I'm not with this. I'm not going in to do this. Um, and perfectly matches up with all the elements that Rosamond could ever wish for, uh, in terms of the evidence about everyone agrees. It's a rifle, right? Everyone agrees that it was in the car. It had to be. They came in, they came in a stolen car. In fact, number three and number... But I mean, we don't, we don't know whether it was in the trunk. That's what I'm getting at. Well, no, I guess we don't know if they got out, got into the trunk, but the circumstances indicate they jumped out of the car just like number one. And let me remind you, number one, number three match up on the stolen car pretty nicely too. They steal a car from Pittsfield Township, both times, about an hour before the robbery in the same city. They, they drive the stolen, they, they punch out the ignition. They drive the stolen car to the robbery, but for some reason they don't want, they don't think, let's take the stolen car as a getaway. They leave the stolen car running, sitting there in the parking lot with an open door, both times. So that matches up pretty nice in terms of similarity. Yeah, but we're not talking about the robbery. We're talking about the firearm. I understand, but all the similarities, all the similarities play together, Your Honor, as we talk about the firearm. Because the firearm, yes, is one of the similarities, but all these other factors help, help in that determination that Henry knew exactly what was going on, of every detail of these things. That it was well planned and that it was very similar in both cases. But yes, he's... Do you prefer us to address the third robbery or not? Because one way you could look at the third robbery and the firearm and say, well, you forfeited, you didn't raise this. And we should say it just wasn't raised, or we should say it's forfeited. That's possibility number one. Possibility number two is to say, well, if we're dealing with the second one, we should deal with the third, given 2255s and all, and decide whether it's plain error or not and satisfies prongs three and four. Which route would you prefer? It's probably better for you to deal with it if you're going to deal with number two. If you're not considering that it waived on number two, then it's probably better that you go ahead and deal with number three also. And I'm acknowledging certainly our argument on number three is far better when you're talking about driving there with a long gun. And that's quasi-harmlessness or prong three and four, right? It's to the point where you almost would say no reasonable juror could not find that you could reverse the standard. No reasonable juror could not find that Henry didn't know a gun was going in at number three. That's how strong it is. I would submit. So yes, I guess if you're going to start dealing with number two on the Rosemont jury instruction, that you could deal with number three also. Is there anything else? If there's any other questions, I'll happily answer them. Apparently not. If not, I ask you to affirm the convictions on Michael Henry. Thank you. Thank you. Ready for rebuttal argument? I'd like to focus on two points, the advanced knowledge for Rosemont as well as the robbery three element, as well as robbery three. First, the key question here is whether or not Mr. Henry had advanced knowledge of the real gun. Not whether a real gun was used in the robbery. Just as Judge Sutton mentioned, it's hard to tell from the transcripts whether he knew of the gun before or after the robbery had occurred. He confessed to knowing that a gun was real in the first robbery, but not to the second one. If you look at Exhibit 117 on page 18 and 19, the officers asked him if it was the same gun that was used for this first one, and he says no. In addition, Michael Henry's answers were descriptive and based on the photos he saw from the surveillance of the second robbery. He goes on to say, that's not the same gun. See, this one is all black and this one is silver on the bottom. The officers explicitly asked him on page 25 of Exhibit 117, did you see your partner load the gun? No. Did you see your partner shoot the gun? No. There is no evidence that Mr. Henry knew the gun would be real for the second robbery. And Judge Watson, you yourself mentioned that the robberies were two months apart and in different towns. So any sort of evidence, circumstantial evidence, is very weak. And even if the jury could draw an inference that perhaps Mr. Henry may have, that inference by itself solely is not enough to meet the high standard of beyond a reasonable doubt for the advanced knowledge. As to the third robbery, we're not conceding the Rosemount argument and we're not conceding the jury instructions argument. Here, there was no confession on the part of Mr. Henry that he knew the gun was real. There's no testimony about what he saw. Judge Sutton, you yourself mentioned that the trunk could have contained the rifle and he could have not seen the gun until he was actually there at the robbery himself. So there is a Rosemount issue as there's no advanced knowledge. And although we didn't raise the jury instruction argument directly for robbery three, it's not conceded and this court can find that it has not been waived in the interest of fundamental fairness. And fundamental fairness is what this case is all about. Fundamental fairness resulting from the new Supreme Court case, Rosemount, mandates that the jury needs to consider the advanced knowledge element. Had the prosecution and defense known about the advanced knowledge element, the entire trial would have been different. The plea negotiations could have been different. Defense counsel could have made different arguments. In light of that, we ask that this court reverse the convictions on counts four, five, and six, or in the alternative, to vacate and remand all of the convictions. Here, there's no advanced knowledge on the part of Mr. Henry for the second robbery, and there's no advanced knowledge on the part of Mr. Henry for the third robbery. And fundamental fairness requires the jury to consider such things. Thank you. Thank you, Ms. Powell. You did quite well on your maiden voyage here. Very pleased to have you. The case is submitted, and after the table is vacated, you can call the next case.